UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JODENE REPPERT, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23CV504 HEA |
| | ) |
| NOELLE GUERRERO and SWIFT | ) |
| TRANSPORTATION CO. OF ARIZONA, LLC, | ) |
| | ) |
|    Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Guerrero and Swift Transportation Co. of Arizona, LLC's Motion to Dismiss and/or Strike Plaintiff's Demand for Punitive Damages, [Doc. No.'s 12 and 23, respectively]. Plaintiff opposes the motions. For the reasons set forth below, the Motions will be denied.

### Facts and Background

Plaintiff brought this action against Defendants for injuries she allegedly suffered in a motor vehicle accident. Plaintiff alleges she was injured as a result of Defendant Guerrero's operation of Defendant Swift's tractor trailer. Defendant seeks dismissal of Plaintiff's claim for punitive damages arguing Plaintiff has failed to set forth sufficient facts which would give rise to a claim for punitive damages.

### Discussion

Generally speaking, "'punitive damages are a form of relief and not a 'claim' that is subject to a Rule 12(b)(6) motion to dismiss.'" *Mercy Med. Servs., Inc. v. Efstratiadis*, No. 21-CV-4052-CJW-KEM, 2022 WL 19000606, at *12 (N.D. Iowa Feb. 25, 2022), (quoting *Benedetto v. Delta Air Lines, Inc.*, 917 F. Supp. 2d 976, 984 (D.S.D. 2013)). "[S]o long as there are surviving claims," punitive damages "are not subject to a motion to dismiss." *Sec. Nat'l Bank of Sioux City v. Abbott Labs.*, No. 11–CV–4017–DEO, 2012 WL 327863, at *21 (N.D. Iowa Feb. 1, 2012).

Defendants do not challenge the allegations regarding the accident itself, rather, Defendants argue the allegations are not sufficient to support the claim for punitive damages. Punitive damages are a form of recovery; a cause of action is not stated through a demand for punitive damages, and as such, Rule 12(b)(6) does not apply to dismiss the demand. Whether Plaintiff will be able to prove she is entitled to punitive damages is yet to be determined throughout the course of this matter.

Likewise, Rule 12(f) does not require striking Plaintiff's demand for punitive damages. Rule 12(f) of the Federal Rules of Civil Procedure permits courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial matters are those which have "no essential or important relationship to the claim

2

for relief or the defenses being pleaded," *CitiMortgage, Inc. v. Just Mortgage, Inc.*, Case No. 4:09 CV 1909 DDN, 2013 WL 6538680, at *7 (E.D. Mo. Dec. 13, 2013), and impertinent matters are "statements that do not pertain, and are not necessary, to the issues in question," *Warner v. Little John Transportation Servs., Inc.*, No. 5:19-CV-05042, 2019 WL 1531272, at *2 (W.D. Ark. Apr. 9, 2019) (quoting 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1382 (3d ed.)). An allegation contained in a pleading is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *CitiMortgage,* 2013 WL 6538680, at *7. "[I]mpertinent' matter[s] consists of statements that do not pertain, and are not necessary, to the issues in question." 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1382 (3d ed.). "Understood in this context, asking whether a matter pertains to issues in question is the same as asking whether it is relevant." *Warner*, No. 5:19-CV-05042, 2019 WL 1531272, at *2.

"Judges enjoy liberal discretion to strike pleadings under Rule 12(f)." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citing *Nationwide Ins. Co. v. Cent. Mo. Elec. Coop., Inc.*, 278 F.3d 742, 748 (8th Cir. 2001)). "Striking a party's pleading, however, is an extreme and disfavored measure." *Id*. (citing *Stanbury L. Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000)). "[T]he rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case." *Williams v. Averitt*

*Express*, No. 8:15CV464, 2016 WL 589861, at *2 (D. Neb. Feb. 11, 2016); *Caris v. Kirat Roadlines Inc.*, No. 7:23CV5002, 2023 WL 7166149, at *1 (D. Neb. Oct. 30, 2023). See also, *Aguilar v. Crawford Oil Co.*, No. 4:23CV140 HEA, 2023 WL 7922585, at *1–2 (E.D. Mo. Nov. 16, 2023).

Plaintiff's punitive damages demand does not fit within Rule 12(f). The Motion to Strike is denied.

### Conclusion

Neither Rule 12(b)(6) nor Rule 12(f) apply to Plaintiff's demand for punitive damages. Thus, it is not appropriate to "dismiss" the demand or strike it from the Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss and/or Strike Plaintiff's Demand for Punitive Damages, [Doc. No.'s 12 and 23], are **denied**.

Dated this 3rd day of January, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE