UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JODENE REPPERT, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:23CV504 HEA |
| | ) |
| NOELLE GUERRERO and SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, | ) ) ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Swift Transportation Co. of Arizona's Motion to Dismiss Counts III, IV, and V of Plaintiff's Complaint, [Doc. No. 25]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion will be denied.

### Factual Background

This action was brought in the Circuit Court for the County of St. Louis, Missouri against Defendants based on a motor vehicle accident. Defendants removed the action based on this Court's diversity of citizenship jurisdiction.

Plaintiffs' Petition alleges Defendant Guerrero was negligent in causing Plaintiff's injuries in the accident. The Petition further alleges Defendant Swift, as employer of Guerrero, is vicariously liable for Guerrero's actions. Defendant

Swift has admitted the theory of *respondeat superior* applies; Guerrero was an employee and was acting within the scope of her employment with Swift at the time of the accident. Plaintiffs also allege claims against Swift based on the theories of negligent hiring and retention, negligent training, and negligent supervision.(Counts III, IV, and V, respectively).

Defendants move to dismiss these Counts because it has admitted Guerrero was its employee acting within the scope of her employment, thus the theory of *respondeat superior* applies, and Plaintiff cannot bring the other claims against it.

## Legal Standards

For a claim to survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept as true all of the factual allegations in the complaint, but it need not accept the legal conclusions. *Iqbal*, 556 U.S. at 678. The Court must make "all reasonable inferences in favor of the nonmoving party." *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019). Additionally, "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch &*

*Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

## Discussion

Since this Court's jurisdiction is based on diversity of citizenship, state law governs the substantive issues in this case. *See, e.g.*, *Am. Home Assur. Co. v. Pope*, 591 F.3d 992, 998-99 (8th Cir. 2010) ("In a diversity action, such as this, we use state substantive law to govern our analysis.") (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). In interpreting state law, a federal court is "bound by the decisions of the state's highest court." *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006) (quoting *Eichenwald v. Small*, 321 F.3d 733, 736 (8th Cir. 2003)). "When a state's highest court has not decided an issue, it is up to [the] court to predict how the state's highest court would resolve that issue.'" *Id.* (quoting *Continental Cas. Co. v. Advance Terrazzo & Tile Co.*, 462 F.3d 1002, 1007 (8th Cir. 2006)). In making that determination, the decisions of intermediate state appellate courts are persuasive authority. *Id.*

**Counts I, II, III, and IV**

Defendants argue that under Missouri law, once an employer has admitted *respondeat superior* liability, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability. Defendants rely principally on *McHaffie ex rel. McHaffie v. Bunch*, 891 S.W.2d 822 (Mo. 1995). In *McHaffie*,

3

a plaintiff injured in an accident sued the driver of a vehicle and the driver's employer, alleging a claim of negligence against the driver, a claim of vicarious liability against the employer, and claims of negligent hiring and supervision against the employer. *Id.* at 824. The Missouri Supreme Court held that "once the agency relationship was admitted, it was error to permit a separate assessment of fault to defendant [employer] based upon the 'negligent entrustment' or 'negligent hiring' theories of liability"; it also held that it was error to admit evidence on those theories. *Id.* at 827.

> If all of the theories for attaching liability to one person for the negligence of another were recognized and all pleaded in one case where the imputation of negligence is admitted, the evidence laboriously submitted to establish other theories serves no real purpose. The energy and time of courts and litigants is unnecessarily expended. In addition, potentially inflammatory evidence comes into the record which is irrelevant to any contested issue in the case. Once vicarious liability for negligence is admitted under *respondeat superior*, the person to whom negligence is imputed becomes strictly liable to the third party for damages attributable to the conduct of the person from whom negligence is imputed. The liability of the employer is fixed by the amount of liability of the employee. This is true regardless of the "percentage of fault" as between the party whose negligence directly caused the injury and the one whose liability for negligence is derivative.

*Id.* at 826 (internal citations omitted). The *McHaffie* court suggested in *dicta* that there might be some situations in which this general rule might not apply, noting as one example that it is "possible that an employer or an entrustor may be liable for punitive damages which would not be assessed against the employee/entrustee."

4

*Id.* However, the court did not decide whether any such exceptions to the general rule existed. *Id.*

In 2013, however, the Missouri Court of Appeals held that the general rule set forth in *McHaffie* does not apply where punitive damages are sought against the employer, stating:

> The rationale for the Court's holding in *McHaffie* was that, where vicarious liability was admitted and none of the direct liability theories could prevail in the absence of proof of the employee's negligence, the employer's liability was necessarily fixed by the negligence of the employee. *McHaffie,* 891 S.W.2d at 826. Thus, any additional evidence supporting direct liability claims could serve only to waste time and possibly prejudice the defendants. Id.
>
> The same cannot be said, however, when a claim for punitive damages based upon the direct liability theories is raised. If an employer's hiring, training, supervision, or entrustment practices can be characterized as demonstrating complete indifference or a conscious disregard for the safety of others, then the plaintiff would be required to present additional evidence, above and beyond demonstrating the employee's negligence, to support a claim for punitive damages. Unlike in the *McHaffie* scenario, this evidence would have a relevant, non-prejudicial purpose. And because the primary concern in *McHaffie* was the introduction of extraneous, potentially prejudicial evidence, we believe that the rule announced in *McHaffie* does not apply where punitive damages are claimed against the employer, thus making the additional evidence both relevant and material.

*Wilson v. Image Flooring, LLC*, 400 S.W.3d 386, 393 (Mo. Ct. App. 2013).

Federal courts in Missouri consistently followed *Wilson* and have held that where an employer might be liable for punitive damages under theories of liability other than *respondeat superior*, a plaintiff may assert alternative theories of liability against the employer even where the employer has admitted *respondeat*

5

*superior* liability. *See Mason v. Robinson,* No. 4:22CV649 HEA, 2023 WL 2913574, at *1 (E.D. Mo. Apr. 12, 2023)(denying motion to dismiss independent claims); *Gaydos v. Gully Transportation, Inc.*, No. 4:21-CV-388-SPM, 2021 WL 5298679, at *2–4 (E.D. Mo. Nov. 15, 2021)(denying employer defendant's motion to dismiss independent claims); *Sanford v. K&B Transp., Inc.*, No. 1:20 CV 180 ACL, 2021 WL 4552206, at *3 (E.D. Mo. Oct. 5, 2021) (denying a negligent driver's employer's motion for judgment on the pleadings on claims of direct negligence, negligent hiring/retention, negligent supervision/retention, and negligent training claims); *Monroe v. Freight All Kinds, Inc.*, et al., No. 18-CV-03238-SRB, 2020 WL 6589000, at *2-*3 (W.D. Mo. Nov. 10, 2020) (rejecting an employer's argument that it was entitled to summary judgment on claims of negligence and negligent hiring/training/supervision/entrustment because it had admitted vicarious liability); *Kyles v. Celadon Trucking Servs., Inc.*, No. 6:15–CV–03193–MDH, 2015 WL 6143953, at *4 (W.D. Mo. Oct. 19, 2015) (relying on *Wilson*).

This Court concludes that the reasoning of *Wilson* and the above cases are persuasive. In the Petition, Plaintiffs seek punitive damages against Defendant Swift, and the Court has denied Swift's Motion to Dismiss or Strike the Punitive Damage Request. Plaintiff may need to obtain discovery (and eventually present evidence) in support of the claims for punitive damages that goes above and

6

beyond demonstrating Defendant Guerrero's negligence. Thus, as in the above cases, *McHaffie* does not require dismissal of Counts III, IV, and V. Defendants' motion to dismiss will be denied with respect to those claims.

## Conclusion

Based upon the foregoing analysis, the Court finds that dismissal of Counts , III, IV, and V is not mandated in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Doc. No. 25], is **DENIED**.

Dated this 21st day of March, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE